## Parsons v. Haley et al.

(Decided Jan. 25, 1935.)

L. V. DRAHMAN and W. J. WAGNER for appellant.

M. HARGETT and C. R. BARKER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

When sued on a purchase-money note, Mrs. Parsons by counterclaim and cross-petition sought to recover of her grantors a right of way to the public road or in default of that $2,500 damages. She got neither; judgment went against her on her note and she has appealed.

On February 27, 1922, W. P. Haley died intestate and without issue. His widow and his numerous nephews and nieces agreed upon a division of his property, had a plat of the division made, and appointed attorneys in fact to sell the land. A plat of the division and the power of attorney were on March 28, 1923, recorded in deed book 59, page 507, in the Bracken county clerk's office. On June 30, 1923, the land was sold at public outcry, and Mrs. Parsons became the purchaser of tract No. 10, for which she paid $506.80 in cash and gave two notes each for a like sum, one due in one year, the other in two years, and the land was on that day conveyed her by a deed signed by these attorneys in fact, which deed she accepted and had recorded on August 18, 1923. In this deed and in this plat a definitely described road 20 feet in width leading from tract No. 10 was conveyed to Mrs. Parsons and nothing said about any other roadway. She paid the first note, and when sued on the second note she filed her counterclaim, etc. The basis of her counterclaim is that before she purchased this land she was told there were three roadways leading from it to the public road and that there was only one and that an almost impassable one was conveyed her. Her claim regarding what was said to her concerning these alleged roadways is vigorously denied. She certainly saw that but one road was being conveyed her when she got her deed; her claim first asserted more than six years thereafter is rather stale; but passing her acceptance of the deed containing but one roadway and the staleness of her claim the weight of her proof of these three alleged roadways was overwhelmingly overcome by the evidence for her adversaries, and certainly Mrs. Parsons has failed to produce anything that would justify us in disturbing the finding of the chancellor.

Judgment affirmed.